CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

SEP 13 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MARGARET UMSTEAD, *pro se*, <br> *and*, MARGARET UMSTEAD, *POA* <br> *for* JUSTIN UMSTEAD <br><br> Plaintiffs, <br><br> v. <br><br> CHASE MANHATTAN <br> MORTGAGE CORP., *et al.*, <br><br> Defendants. | Civil Action No. 7:04CV00747 <br><br><br><br><br><br> MEMORANDUM OPINION <br> AND ORDER <br><br><br> By: The Honorable James C. Turk <br> Senior United States District Judge |

The plaintiffs, Margaret Umstead, in *propria persona* (or "*pro se*"), and Justin Umstead, through a power of attorney ("POA") given to Margaret Umstead, brought this action against the defendants, Chase Manhattan Corp., Adam Ramey, and Sharon Wittenberg. The plaintiffs have brought this action pursuant to the Soldiers' and Sailors' Civil Relief Act of 1940, 50 App. U.S.C. §§ 501-596, as amended by the Service Members Civil Relief Act, Pub. L. No. 108-189, 117 Stat. 2835 (2003) ("Service Members Civil Relief Act" or "Act") and state law claims of negligence, fraud, and negligent misrepresentation. This case is before the Court on the defendants' Motion to Dismiss for Failure to State a Claim under Fed. R. Civ. P. 12(b)(6). Upon consideration of the arguments, the Court hereby **Denies** defendants' motion to dismiss as to the claim under the Service Members Civil Relief Act filed by plaintiff Margaret Umstead; **Grants** defendants' motion to dismiss as to the state law claims filed by plaintiff Margaret Umstead; and **Dismisses** without prejudice all claims filed by plaintiff Justin Umstead.

**I.**

The plaintiffs' amended complaint alleges that the plaintiff, Justin Umstead ("J. Umstead") entered into a mortgage contract with defendant, Chase Manhattan Mortgage Corp. ("Chase Manhattan") prior to J. Umstead's enlistment in the United States Marine Corps. J. Umstead enlisted in the Marine Corps on July 12, 2004.

On October 4, 2004, the plaintiff, Margaret Umstead ("M. Umstead") acting as J. Umstead's representative under a power of attorney, sent two applications to Chase Manhattan - one application was sent to a Chase Manhattan address in Baltimore, MD and the other to an address in Columbus, OH - requesting relief under the Service Members Civil Relief Act for J. Umstead's mortgage. J. Umstead is the sole mortgagor of the mortgage with Chase Manhattan and it is not alleged that M. Umstead's dealings with Chase Manhattan have been in a capacity other than as a representative for J. Umstead's interests. M. Umstead, however, asserts that she is a dependent of J. Umstead. On October 28, 2004, M. Umstead received a letter from Mary Law, a senior subsidized loan representative at Chase Manhattan that indicated the request for relief was received.

The plaintiffs then allege that because they had not subsequently received word from Chase Manhattan after Ms. Law's letter, M. Umstead telephoned Chase Manhattan and spoke with Sharon Wittenberg, a subsidized loan coordinator for Chase Manhattan. Due to M. Umstead's conversations with Ms. Wittenberg, M. Umstead sent documents that were requested of her to Chase Manhattan on December 3, 2004. On December 20, 2004, M. Umstead received a letter from Ms. Wittenberg entitled "2nd Request" that is alleged to refer to the documents that M. Umstead had already sent. During this period where M. Umstead was attempting to meet

2

Chase Manhattan's document requests, Chase Manhattan repeatedly sent M. Umstead "defaulted mortgage form letters."

Due to the constant worrying about the possible foreclosure on J. Umstead's mortgage, M. Umstead suffered emotional distress. It is also alleged that J. Umstead's credit was damaged and suffered financial loss as a result of the defendants' conduct.

## II.

Dismissal under Rule 12(b)(6) is improper "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct 99, 2 L. Ed. 2d 80 (1957). In considering a motion to dismiss, the court accepts as true all well-pleaded allegations and views the complaint in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Before the Court can entertain whether the plaintiffs' state a claim, it must first be determined what pleadings the Court can consider in its analysis.

There are two separate parties that plead claims in the plaintiffs' complaint, J. Umstead and M. Umstead. The complaint is signed by M. Umstead, *pro se*, and by M. Umstead for J. Umstead under a power of attorney. M. Umstead is representing herself and is also effectively representing J. Umstead in this action. First, M. Umstead, as a lay person without a license to practice, cannot represent J. Umstead in this action. A party has a right to litigate her own *pro se* claim as guaranteed by statute. 28 U.S.C. § 1654. A party, however, cannot be represented by a lay person.

The proscription on non-lawyers representing others in court is based on the experience that the conduct of litigation by a non-lawyer creates unusual burdens not only for the party she

3

represents, but also for her adversaries and the court. *See Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983); *see also Brown v. Ortho Diagnostic Systems, Inc.*, 868 F. Supp. 168, 171-72 (E.D. Va. 1994). The lay litigant frequently brings pleadings that are awkwardly drafted, motions that are inarticulately presented, and proceedings that are needlessly multiplicative. *Jones*, 722 F.2d at 22; *Brown*, 868 F. Supp. at 171-72. A litigant is afforded the right by statute to proceed on his own but no such parallel right exists to proceed through a lay representative. *See Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991); *Brown*, 868 F. Supp. at 171-72.

M. Umstead is representing J. Umstead since she effectively admits as much through the pleadings where she presents herself under a power of attorney for J. Umstead. M. Umstead has filed and signed the complaint on J. Umstead's behalf as his "representative." It follows from the rule prohibiting lay representation that any pleadings filed through lay representation must be disregarded as a nullity. *Cf. Simitar Entm't. Inc. v. Silva Entm't, Inc.*, 44 F.Supp.2d 986, 990 (D.Minn. 1999) (treating *pro se* motion filed by lay corporate officer on behalf of corporation as "inoperative"). Because the complaint as pertaining to J. Umstead's claims are void *ab initio*, the defendants' motion to dismiss pertaining to J. Umstead's claims is moot because there are no claims to consider. This does not mean, however, that J. Umstead could not file an action *pro se* or through a legal representative.

### III.

M. Umstead's claims do not suffer the same procedural defect as J. Umstead's claims. M. Umstead is proceedings *pro se* as she is statutorily entitled to under 28 U.S.C. § 1654. Thus, the Court can consider whether her claims are cognizable. M. Umstead advances four claims

4

against the defendants under: (1) The Services Members Civil Relief Act; (2) State law for negligence; (2) State law for fraud; and (3) State law for negligent misrepresentation.

**A.**

M. Umstead requests a stay for J. Umstead's mortgage or a modification of the payment schedule. Such relief is possible under the Service Members Civil Relief Act. 50 App. U.S.C. § 591. The question, however, arises whether M. Umstead has standing to ask for relief under the Act.

The Service Members Civil Relief Act, which is a substantial re-enactment of the Soldiers' and Sailors' Civil Relief Act of 1940, protects those who have been obliged to drop their own affairs and take up the defense of the nation, and its intent is to afford protection to a servicemember's property during a period of military service. *See Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995) ("The purpose of the Relief Act is to suspend enforcement of civil liabilities of persons in the military service of the United States in order to enable such persons to devote their entire energy to the defense needs of the Nation."). J. Umstead as an active member of the military could file for relief under the Service Members Relief Act for his mortgage with Chase Manhattan. 50 App. U.S.C. § 591. M. Umstead, however, could also file for relief under the Act if she is a dependent of J. Umstead. 50 App. U.S.C. § 538 ("[A] dependent of a servicemember is entitled to the protections of this title if the dependent's ability to comply with the terms of the lease, contract, bailment, or other obligation is materially affected by reason of the servicemember's military service.").

The Act affords protection to dependents, upon application to the court; unless the court determines that the ability of such dependents to comply with the terms of the obligation in

5

question has not been materially impaired by reason of the military service of the person upon whom the applicant is dependent. 50 App. U.S.C. §§ 538 & 591. The term "dependent" is defined as "an individual for whom the servicemember provided more than one-half of the individual's support for 180 days immediately preceding an application for relief under this Act." 50 App. U.S.C. § 101(4)(c). M. Umstead alleges that she has been financially dependent on J. Umstead since March 2004 which would satisfy the definition of "dependent" under the Act. *See* Plaintiff/POA Margaret J. Umstead's Affidavit in Opposition to Defendant's Motion to Dismiss at 3. Since M. Umstead, as a dependant of J. Umstead, alleges that she has a legal and equitable interest in the mortgage which is affected by J. Umstead's current military service, she can bring suit to ask for a stay of the mortgage. *See Id.* at 3. Although M. Umstead alleged that she is a dependent of J. Umstead and that she has a legal and equitable interest in the mortgage in her Opposition to Defendant's Motion to Dismiss, and not in the Amended Complaint, the Court will allow the claim to go forward by allowing M. Umstead to amend her complaint. In the interest of justice and judicial economy, the Court will not dismiss the claim because the defendants have had notice of the claim and are not unduly prejudiced at this stage of the proceedings. Fed. R. Civ. P. 15(a).

## B.

M. Umstead's claims for negligence, fraud (stated in the complaint as "deceit"), and negligent misrepresentation against the defendants derive from her allegation that Chase Manhattan mishandled and inexcusably delayed J. Umstead's application to it for relief under the Service Members Civil Relief Act. In essence, the claim asserts that Chase Manhattan was either negligent or willful in not performing its duties under the mortgage as mortgagee, because J.

Umstead's indebtedness under the mortgage should have been timely stayed or adequately reduced. Such a claim sounds in contract, and not in tort; thus, her claims for negligence, fraud, and negligent misrepresentation (in essence, a claim of constructive fraud) do not state a claim.

Where the claim alleges nothing more than negligent performance of contractual duties, it is not actionable in tort. *Richmond Metro. Auth. v. McDevitt Street Bovis, Inc.*, 256 Va. 553, 558, 507 S.E.2d 344, 347 (1998). A tort action cannot be based solely on a negligent breach of contract. *Id.* If, on the other hand, the relation of the plaintiff and defendants be such that a duty arises from that relationship, irrespective of contract, to take due care, and the defendants are negligent, then the action is one of tort. *Id.*; *see also id.* ("We have acknowledged that a party can, in certain circumstances, show both a breach of contract and a tortious breach of duty. (citation omitted). However, the duty tortiously or negligently breached must be a common law duty, not one existing between the parties solely by virtue of the contract." (citation omitted)). Here, the defendants did not owe any duty to M. Umstead, under contract or tort.

Whether or not the defendants' actions caused injury to M. Umstead is irrelevant unless the defendants owed M. Umstead a duty to refrain from such harmful conduct. It has never been alleged that M. Umstead was in a contractual relationship with the defendants and, thus, no duty arose under contract law from the defendants to M. Umstead. *See Cemetery Consultants, Inc. v. Tidewater Funeral Directors Ass'n, Inc.*, 219 Va. 1001, 1003, 254 S.E.2d 61, 62 (1979) ("The general rule at common law is than an action on a contract must be brought in the name of the party in whom legal interest is vested, and this legal interest is ordinarily vested only in the promisee or promisor; consequently, they or there privies are generally the only persons who can sue on the contract."). Nor could M. Umstead sue under contract because she was not an

7

intended third-party beneficiary of the mortgage. *See Valley Landscape v. Rolland*, 218 Va. 257, 260, 237 S.E.2d 120, 122 (1977) ("[A] clear intent to benefit the third person must appear to enable him to sue on the contract; incidental beneficiaries cannot maintain an action thereon." (citation omitted)). Therefore, the defendants must have owed M. Umstead a duty of care under tort law in order for M. Umstead to maintain her state law claims because no contractual duty ever arose from the defendants to M. Umstead.

No common law duty of care ever arose between the defendants and M. Umstead. No court has ever held that a duty of care arose under tort law to a party such as M. Umstead solely because the party has a relationship with a mortgagor as the representative for mortgagee. The Virginia Supreme Court has held that no tort duty arises between a lawyer and his client's adversary or between a prospective homebuyer and the agent of the homeseller. *See Ayyildiz v. Kidd*, 220 Va. 1080, 266 S.E.2d 108 (1980) (holding no tort duty exists between lawyer and a client's adversary); *Allen v. Lindstrom*, 237 Va. 489, 379 S.E.2d 450 (1989) (holding no tort duty exists between a prospective homebuyer and the agent of the homeseller). This is because no relationship, in contract or tort, exists between someone acting in a representative capacity and an adverse party. A contractual and tort duty may exist between a homebuyer and homeseller, but no duty exists between an agent of a real party and an adverse real party. For example, a homebuyer would have a cause of action for a homeseller's concealment of a material defect in the real estate but no separate cause of action would arise for a homebuyer's agent against the homeseller.

Similarly, it has never been held that a party such as M. Umstead, acting in her representative capacity, owed a tort duty to the defendants and vice versa. While there may be

8

some type of general duty to the public owed by every mortgagor, it is not the type of duty that converts into liability against a mortgagor for conduct to a party acting in a representative capacity such as M. Umstead. *Cf. Allen*, 237 Va. at 499 (applying same reasoning to disavow a tort duty between a prospective homebuyer and agent for the homeseller). Thus, M. Umstead has no claim against the defendants in tort, for negligence or negligent misrepresentation.

Furthermore, a duty not to defraud is owed by "everyone to everyone." *Hewlette v. Hovis*, 318 F. Supp. 2d 332, 337 (E.D. Va. 2004) (explaining the tort of fraud in Virginia). Again, M. Umstead however cannot state a cause of action for fraud while she was acting in her representative capacity for J. Umstead. The fraudulent conduct of the defendants, if any, was perpetrated against J. Umstead. Any of defendants' alleged intentionally false representations of material fact that were relied upon by M. Umstead were solely in her capacity as an agent for J. Umstead, and not inuring to some interest of her own. Thus, M. Umstead has no claim for fraud.

## IV.

An appropriate order shall issue this day, that:

(1) Defendants' motion to dismiss M. Umstead's claim under the Service Members Civil, is **Denied**.

(2) Defendants' motion to dismiss M. Umstead's state law claims of negligence, negligent misrepresentation, and fraud, are **Granted**.

(3) J. Umstead's claims are **Dismissed** without prejudice.

The Clerk is directed to send certified copies of this Memorandum Opinion to all counsel of record.

ENTER: This /3th day of September, 2005.

*[signature]*
The Honorable James C. Turk
Senior United States District Judge